IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

TEXTILE USA, INC., a Florida Corporation

    Plaintiff,

v.                                            Case No. 1:15-cv-24309-KMW

DIAGEO NORTH AMERICA, INC.,
SUPREMIA INTERNATIONAL, INC.
and SUPREMIA INTERNATIONAL, LTD.

    Defendants.

**DEFENDANTS DIAGEO NORTH AMERICA, INC., SUPREMIA INTERNATIONAL, INC., AND SUPREMIA INTERNATIONAL, LTD.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE DEFENDANTS' MOTIONS TO DISMISS AND SUPPORTING MEMORANDUM OF LAW**

Defendants Diageo North America, Inc. ("Diageo"), Supremia International, Inc. ("Supremia Inc."), and Supremia International, Ltd. ("Supremia Ltd."), pursuant to Federal Rule of Civil Procedure 26, move for entry of an order staying all discovery in this cause, including the initial disclosures required by Federal Rule of Civil Procedure 26(a), until the Court has ruled on Diageo's Motion to Dismiss ("Diageo's Motion to Dismiss," ECF No. 23) and on Supremia Inc. and Supremia Ltd.'s Motion to Dismiss ("Supremia's Motion to Dismiss," ECF No. 27).

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 26, this Court is authorized to stay discovery in this case until it has ruled on the pending motions to dismiss. Defendants' pending motions seek dismissal of this action in its entirety. The Eleventh Circuit has directed the district courts to delay discovery during the pendency of motions to dismiss that have the potential to dispose of the entire complaint. As such, the Court should stay all discovery, including the Rule 26(a)

initial disclosures, which are currently due on June 1, 2016, until the Court rules on the pending motions to dismiss.

## II. DISCUSSION

To avoid repetition, the Defendants refer the Court to Diageo's Motion to Dismiss and Supremia's Motion to Dismiss for a full description of the factual background and the many reasons why Plaintiff Textile USA, Inc.'s ("Textile") claims must be dismissed under Rules 12(b)(2), 12(b)(3), and 12(b)(6). Textile filed this litigation in violation of a forum-selection clause, with legally meritless claims, and without a basis for jurisdiction over two of the Defendants.

A stay of discovery until the Court issues a ruling on Diageo's Motion to Dismiss and Supremia's Motion to Dismiss is warranted. Federal district courts have broad discretion to limit the scope of discovery or control its timing in order to protect a party from annoyance, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). A stay of discovery is appropriate where the movant shows good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Good cause and reasonableness exist where resolution of a motion to dismiss may dispose of an entire case. *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005); *see also Anderson v. U.S. Attorneys Office*, No. 91-cv-2262, 1992 WL 15918, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").

Specifically, the Eleventh Circuit has held that a district court generally should stay discovery during the pendency of a comprehensive motion to dismiss. *See Chudasama*, 123 F.3d at 1366 (reversing district court's order compelling discovery during pendency of motion to dismiss). Though the district court is vested with discretion over discovery matters, "[t]his

2

discretion is not unfettered." *Id.* at 1367. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Id.* (footnote omitted). "[N]either the parties nor the court have any need for discovery before the court rules on the motion." *Id.* As the Eleventh Circuit explained in *Chudasama*, "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* at 1368. The court reasoned:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.*; *see also Moore*, 141 F. App'x at 807-08 (affirming stay of discovery during pendency of motion to dismiss complaint).

Based on the teachings of *Chudasama*, this Court has routinely granted stays of discovery until the Court has ruled on pending motions to dismiss. *See Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-cv-21105, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (staying all discovery pending ruling on motion to dismiss that is "potentially dispositive of the entire action"); *Staup v. Wachovia Bank, N.A.*, No. 08-cv-60359, 2008 WL 1771818, at *1 (S.D. Fla. Aug. 16, 2008) (same); *Carcamo v. Miami-Dade Cty.*, No. 03-cv-20870, 2003 WL 24336368, at *1 (S.D. Fla. Aug. 1, 2003) (same); *In re Managed Care Litig.*, No. 00-md-1334, 2001 WL 664391, *3 (S.D. Fla. June 12, 2001) (same). As the Court explained in *Staup*, "Defendant should not be required to comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a), and discovery should not commence, until after the Court has issued a ruling on Defendant's Motion to Dismiss, because discovery is not needed for the resolution of this Motion and

requiring discovery would impose an undue burden on the Defendant." 2008 WL 1771818, at *1.

Indeed, the Court has already stayed Textile's related litigation against TJB Vina Co., Ltd., B&Y Co., and Byung Nam Lee pending resolution of the motion to dismiss in that case. *Textile USA, Inc. v. TJB Vina Co., Ltd.*, No. 15-cv-23975-KING/TORRES (S.D. Fla. Feb. 10, 2016), ECF No. 31 (attached).

Here, the Defendants have raised meritorious facial challenges under Rules 12(b)(2), 12(b)(3), and 12(b)(6), which, if granted, would entirely dispose of this action; therefore, the Court should exercise its discretion to stay all discovery pending resolution of the Defendants' pending motions to dismiss. Textile cannot dispute that the pending motions to dismiss present facial challenges to the legal sufficiency of each of Textile's claims, nor can Textile dispute that neither the parties nor the Court have any need for discovery before the Court rules on the motions, especially given that the Scheduling Order provides that discovery will not close until May 12, 2017 (ECF No. 28). A stay of discovery allows the Defendants and Textile to avoid incurring discovery costs that will prove unnecessary if the dispositive motions are granted. *Chudasama*, 123 F.3d at 1367; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (observing that motions to dismiss serve to check discovery abuse and that discovery expenses could "push cost-conscious defendants to settle even anemic cases").

Proceeding with discovery would prejudice the Defendants and subject them to an undue burden. In this case, as in *Chudasama*, the Defendants' motions to dismiss establish that Textile's claims are legally meritless. *See* 123 F.3d at 1368. Like in *Chudasama*, discovery on these issues before resolving the Defendants' motions to dismiss would "impose[] unnecessary costs" and "waste the resources of the litigants." *Id.* Moreover, the Defendants' motions to

4

dismiss raise "purely legal question[s]" that can be resolved without discovery." *Id.* at 1367. Considering the costs of discovery, it is reasonable to stay discovery pending resolution of the Defendants' motions to dismiss to protect the Defendants from the prejudice and burden of responding to discovery.

For the very reasons articulated by the Eleventh Circuit in *Chudasama*, this Court should stay all discovery, including the parties' Rule 26(a) initial disclosures, until it issues an order on these pending motions to dismiss. Both of these pending motions to dismiss are meritorious and case dispositive. Given the patently improper venue or lack of jurisdiction and the legally meritless nature of Textile's claims, the Defendants would be unduly prejudiced if required to respond to discovery going to the substance of Textile's allegations before the Court rules on whether this is the proper Court for this litigation and whether Textile has viable claims against the Defendants. The Defendants would face burdensome and expensive discovery in a case that should be dismissed on the pleadings.

### III. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court enter an order staying all discovery, including the parties' initial disclosures under Federal Rule of Civil Procedure 26(a), until the Court rules on the pending motions to dismiss (ECF Nos. 23 and 27).

Dated: May 9, 2016

Respectfully Submitted,

| **Hunton & Williams LLP** | **Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC** |
|---|---|
| /s/ Douglas C. Dreier | /s/ Gary J. Toman |

5

| | |
|---|---|
| Samuel A. Danon (FBN 892671)<br>Douglas C. Dreier (FBN 104985)<br>1111 Brickell Avenue, Suite 2500<br>Miami, FL 33131<br>Telephone: (305) 810-2500<br>Facsimile: (305) 810-2460<br>Email: sdanon@hunton.com<br>Email: ddreier@hunton.com<br><br>*Counsel for Defendant Diageo North America, Inc.* | Larry Burkhalter (FBN 0186104)<br>Matthew I. Kramer (FBN 0937231)<br>2601 S. Bayshore Drive, Suite 1500<br>Miami, FL 33133<br>Telephone: (305) 455-9500<br>Facsimile: (305) 455-9501<br>Email: lburkhalter@wwhgd.com<br>Email: mkramer@wwhgd.com<br>&<br>Gary J. Toman (*Pro Hac Vice*)<br>3344 Peachtree Rd. NE, Suite 2400<br>Atlanta, GA 30326<br>Telephone (404) 876-2700<br>Facsimile: (404) 875-9433<br>Email: gtoman@wwhgd.com<br><br>*Counsel for Defendants Supremia International, Inc. and Supremia International, Ltd.* |

## S.D. FLA. L. R. 7.1.3. CERTIFICATION

Prior to filing this motion, counsel for Defendants conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the Motion. Defendants have agreed that this Motion to Stay should be granted and have filed this Motion jointly, but Plaintiff Textile USA, Inc. has not agreed.

By: /s/ Douglas C. Dreier
      Douglas C. Dreier

By: /s/ Gary J. Toman
      Gary J. Toman

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2016, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record.